**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4505**

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

          versus

EUGENE BERNARD MOSS,

                                        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Richard L. Voorhees, District Judge.  (CR-04-160-V)

Submitted:  April 19, 2006                Decided:  May 17, 2006

Before TRAXLER, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James E. Gronquist, NIXON, PARK, GRONQUIST & FOSTER, P.L.L.C., Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Keith M. Cave, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Eugene Bernard Moss pled guilty without a plea agreement to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000). The district court sentenced him to 115 months in prison. Moss timely appeals his sentence.

Moss first contends that his sentence violates the Sixth Amendment, pursuant to United States v. Booker, 543 U.S. 220 (2005). As Moss correctly notes, Booker held that the mandatory application of the federal sentencing guidelines to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. Id. at 233-34. However, the district court treated the guidelines as advisory in determining Moss' sentence and the use of the preponderance of the evidence standard while applying the guidelines as advisory does not violate the Sixth Amendment. United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005).

Moss also argues that the district court erred by allocating two criminal history points under U.S. Sentencing Guidelines Manual §§ 4A1.1(b) and 4A1.2(e) (2003) for an unlawful concealment adjudication that occurred when he was eleven years old. We find that such an adjudication did not constitute a "juvenile status offense" under USSG § 4A1.2(c)(2) and that his commitment to the Office of Juvenile Justice for violating probation for that adjudication amounted to confinement under USSG

§ 4A1.2(d)(2).  Consequently, the unlawful concealment adjudication was properly included in Moss' criminal history calculation.

For these reasons, we affirm Moss' sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>